**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

HECTOR BAZALDUA LOPEZ,          )
                                )
         Petitioner,            )
                                )
v.                              )          Case No. CIV-26-1540-J
                                )
MARKWAYNE MULLIN, et al.,       )
                                )
         Respondents.           )

## ORDER

Petitioner Hector Bazaldua Lopez, a citizen of Mexico, is currently in the custody of the U.S. Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield who issued a Report and Recommendation (Rep. & Rec.) [Doc. No. 15] recommending that the Court grant, in part, the Petition by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a bond hearing within that period. Respondents filed a timely Objection (Obj.) [Doc. No. 16], triggering de novo review as to the portions of the Report and Recommendation to which a specific objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

Petitioner entered the United States in or around 1996. In June 2026, ICE detained Petitioner at a regularly scheduled probation appointment and he remains in custody without a hearing. Judge Maxfield concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a); therefore, his continued detention without a bond hearing violates the Immigration and Nationality Act (INA). *See* Rep. & Rec. at 4–5. Judge Maxfield further recommended that the Court decline to address Petitioner's related due process argument. *See id.* at 5–6.

Respondents first contend that Petitioner's claim for a bond hearing may soon become moot because an Immigration Judge conducted a merits hearing on August 6, 2026, at which the Immigration Judge may have ordered Petitioner's removal. Obj. at 3–5.[1] The Court rejects that contention as a basis to deny relief. The record does not show that Petitioner is currently subject to a final order of removal and therefore his claims are not yet moot. Moreover, even if the Immigration Judge ordered removal at the August 6 hearing, that order would not become administratively final until either the Board of Immigration Appeals affirms it or the time to seek review expires. *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B), 1252(b)(1). The Court declines to deny relief based on the possibility that Petitioner's claims may, at some unknown point in the future, become moot.

Second, Respondents acknowledge that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) is controlling in this case. Obj. at 1–2. In that case, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz*, 180 F.4th at 1237; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility*, No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026). Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the Immigration and Nationality Act.[2]

Accordingly, the Report and Recommendation [Doc. No. 9] is ADOPTED and Petitioner's Petition for Writ of Habeas Corpus is GRANTED IN PART in so far as it alleges Respondents violated the Immigration and Nationality Act. The Court ORDERS Respondents to provide

---

[1] At the time Respondents filed the Objection on August 7, the "disposition or action taken at" the August 6 hearing was "still unknown . . . despite an inquiry being made of immigration officials."

[2] Because the Court grants Petitioner relief, it declines to address his remaining claims.

Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order, or release Petitioner if no hearing occurs within that period.

Respondents shall certify compliance within ten days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 12th day of August, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE